## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

—————————

RICHARD SHEPPERD,

       Plaintiff,

vs.                                    Civil No. 00-658 WWD/LFG

NORTHERN NEW MEXICO REAL ESTATE,
INC., et al,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Cowan's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed July 13, 2000 **[docket # 46]**.[1]   In the complaint, Plaintiff ("Shepperd") alleges counts of misrepresentation, negligence and breach of contract.  Defendant Cowan ("Cowan") did a plumbing inspection on a house that Plaintiff purchased from other of the Defendants.  Shepperd paid $320.00 for the inspection.  *Mem., Ex. A*. Plaintiff's claims against Cowan are based on alleged inadequacies on the inspection performed as well as the alleged failure to advise Shepperd as a prospective homeowner of any deficiencies in the plumbing system.[2]  In the present motion, Cowan seeks dismissal of the case from federal court on the basis that the amount in controversy does not satisfy the jurisdictional prerequisite of $75,000.00.  28 U.S.C. § 1332(a).

—————————

[1]  The motion packet was actually filed on September 8, 2000, although the motion was served on July 13, 2000.

[2]  According to the complaint, the inspection revealed "no major problems."  ¶ 21.  Upon moving in, however, Plaintiff discovered various problems such as: incorrectly graded drain lines, a "grossly inadequate septic system," plumbing that was "put together with silicone glue" and an improperly hooked-up bathtub.  ¶ 27.

**Discussion**

Because the jurisdiction of federal courts is limited, there is a presumption against federal jurisdiction, and the party invoking federal jurisdiction, in this case the Plaintiff, has the burden of proof. *Marcus et al v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citing *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991)); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). The amount allegedly in controversy will be sufficient "if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938). If, however, from the face of the pleadings, it is apparent, "to a legal certainty, that the plaintiff cannot recover the amount claimed, the suit will be dismissed." *Id.* at 289.

Subject matter jurisdiction must be determined from the allegations of fact in the complaint without regard to mere conclusory allegations of jurisdiction. *Video Training Source, Inc. v. U.S.*, D.C.Colo.1998, 991 F.Supp. 1256; *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (jurisdictional facts in the complaint, not conclusory allegations, must establish the requisite amount for diversity purposes). In his complaint, Shepperd simply states that "the amount in controversy exceeds $75,000 exclusive of costs." Compl., ¶ 11. He frames his request for compensatory damages as

    a.    The difference between the value of plumbing and waste system of house and the system as represented; or

    b.    the cost of undertaking the necessary repairs to code standards.

*See, e.g., ¶ 59.* From the face of the complaint, one is basically left to surmise whether the amount in controversy is satisfied. Although allegations in the complaint need not be specific or technical in nature, "sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Gibson v. Jeffers*, 478 F.2d 216, 221

(10th Cir.1973).

Nor is there a factual basis beyond the complaint that would provide a more competent factual

basis for meeting the required threshold amount.[3]  According to a subsequent plumbing and

mechanical inspection obtained by Plaintiff and dated August 10, 1999, the cost to correct all plumbing

deficiencies would be $14,500.00 ($11,000.00 for the main house and $3,500.00 for the guest house).

*Mem., Ex. B ("August 10th" or "Territorial" inspection)*.  Plaintiff also submitted a statement dated

August 8, 2000 in which Mr. Alba, an architect/builder, opines that the total cost of repair would

exceed $80,000.00, but which I find nevertheless to be an inadequate basis for establishing the amount

in controversy.  *See Alba Decl. at 3 ("Alba inspection")*.  First, the cost is unsubstantiated.  The

statement, which relied on a personal inspection of the premises as well as Cowan's inspection that

was provided to Plaintiff as a prospective home buyer, contains no itemization for any of the violations

described therein.

Moreover, the Alba inspection identifies basically the same violations as those identified in the

August 10th Territorial inspection, except that Mr. Alba disagrees with the condition of the septic tanks

and leach field.  Thus, as Defendants note, repairs to the septic system would have to cost at least

$60,000.00 in order to meet the $75,000.00 jurisdictional threshold.  Defendant submitted an affidavit

of Mr. Terrazas, who has installed septic systems in the subdivision where Plaintiff's property is

located.  *Reply, Ex. A*.  According to the affidavit, the average cost for installation of a septic system

---

[3]  A party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing, which I do not find necessary in this case, to resolve disputed jurisdictional facts under Rule 12(b)(1) without converting the motion to a Rule 56 summary judgment motion.  *Holt v. U.S.*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citations omitted).

there would range from $6,000.00 to $12,000.00, and removal of the old system would be between $1,000.00 and $3,000.00.  Even at the high end of Mr. Terrazas' estimate, repair costs do not come anywhere near the required amount in controversy.  Such a disparity in estimates, along with the absence of any kind of substantiation, suggests that Plaintiff's claim for the jurisdictional amount is not made in good faith.  *See Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir.1966), *cited in Burrell v. Burrell et al*, 2000 WL 1113702 (10th Cir. NM) (jurisdictional amount can "only be in controversy if asserted by [plaintiff] in good faith, as jurisdiction cannot be conferred or established by colorable or feigned allegations solely for such purpose. . . .").  Therefore, notwithstanding the Alba inspection, I find that Plaintiff is not entitled to recover $75,000.00.

### *Punitive Damages*

Plaintiff relies on the pleadings referenced above in arguing that the claim for punitive damages against Cowan meets the standard of good faith.  Under New Mexico law, punitive damages may be awarded for conduct that is malicious, willful, reckless, wanton, fraudulent, or in bad faith.  *See Gonzales v. Surgidev Corp.*, 120 N.M. 151, 899 P.2d 594, 597 (N.M.1995), *cited in Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 995 (10th Cir. 1999).  Contrary to Plaintiff's position, I find  that the claim for punitive damages is unsupported by either the factual allegations or by the information provided elsewhere in the pleadings.

While Shepperd maintains that Cowan's follow-up letters to his inspection regarding a question on the homeowner's use of PVC pipes is "equivocating," *Resp. at 4*,[4] and feels that Cowan "knew"

---

[4] Cowan had some question about whether the former homeowner had used PVC pipe for both hot and cold water lines. Upon inquiry he had found out that the proper pipe was used for the hot water lines, but the pipe was a different color than he was used to seeing. *Mem., Ex. B (letter dated Mar. 23, 1999)*.

4

that he "passed off" a metal holding tank as a septic system, I find these allegations to be conclusory.
Because Plaintiff seeks punitive damages to "deter and punish" Cowan, *Compl., ¶ 60*, but does so
without a factual basis underlying allegations of a culpable mental state, the claim is insufficient to
make up the amount in controversy so as to confer this Court with the judicial power to decide this
controversy.  *Cmp. Construction Contracting and Management, Inc. v. McConnell* ,112 N.M. 317,
375 (1991) (mere breach of contract does not imply basis for punitive damages without evidence of
culpable mental state or other form of overreaching, malicious, or wanton conduct); *Pang v. Allstate
Ins. Co*., (Table, text in Westlaw), 1999 WL 220145 (2nd Cir. N.Y.) (conclusory allegation of fraud
insufficient to show that governing substantive law would permit plaintiff to recover punitive damages
and survive defendants' motion to dismiss).  Based on the foregoing discussion, I conclude that it is a
legal certainty that Plaintiff cannot recover the amount claimed, i.e., the threshold amount required to
allow for diversity jurisdiction to exist.

   **WHEREFORE**,

   **IT IS ORDERED** that Defendant Cowan's Motion to Dismiss for Lack of Subject Matter
Jurisdiction **[docket # 46]** is GRANTED and the above-captioned case is DISMISSED pursuant to
Fed.R.Civ.P. 12(b)(1).

                   _____
                 UNITED STATES MAGISTRATE JUDGE